# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice Dunbar, | ) | C.A. No. 2:11-cv-01620-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nurse Fuller, Evans Correctional; | ) | |
| SCDC Director, Headquarters; and | ) | |
| Ms. Smith, SCDC Medical, Evans | ) | |
| Correctional, | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court upon the *pro se* Plaintiff's objections (ECF No. 60) to a United States Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 59), which recommends this court grant Defendant's Motion for Summary Judgment (ECF No. 37) and deny Plaintiff's Motion for Summary Judgment and Request for Conference (ECF No. 36). Plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") currently incarcerated at the Allendale Correctional Institution in Allendale, South Carolina. Plaintiff contends that Defendants violated his rights under the Eighth Amendment by acting with deliberate indifference towards his serious medical needs on or about May 4, 2011 while housed at Evans Correctional Institute in Bennettsville, South Carolina. Both Plaintiff and Defendants have moved for summary judgment and each has responded to the opposing party's motion.

The Magistrate Judge assigned to this action has prepared a thorough R&R, which sets forth in detail the relevant facts and standards of law on this matter. Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately

summarized the facts and applied the correct principles of law. Accordingly, the court fully adopts and incorporates the Magistrate's report herein, overrules Plaintiff's objections, denies Plaintiff's Motion for Summary Judgment and Request of Conference, and grants Defendants' Motion for Summary Judgment.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may file written objection to a Magistrate Judge's recommendation within fourteen days after being served with a copy of the report. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *Id*. The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249. The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.*, at 251–52. Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992).

## ANALYSIS

Plaintiff filed timely objections with the court following service of the R&R, but provides no concrete or significant objections. Plaintiff first asserts that the discovery procedure was handled improperly in that documents requested in discovery were

provided at the discretion of Defendants, and Plaintiff "was given only what [the Defendants] felt [he] needed." However, the record shows that Defendants made efforts beyond those required to accommodate Plaintiff's request. After objecting to specific requests as unduly broad or burdensome, Defendant either provided copies of documents, provided useful information on proper procedure for obtaining requested documents, or both. Plaintiff's contention that the discovery procedure was improper is without merit.

Next, Plaintiff contends the Magistrate Judge is biased against him. Plaintiff complains that the R&R fails to mention that Defendant, Nurse Fuller, is no longer employed with SCDC. Additionally, Plaintiff argues that the R&R fails to mention affidavits provided by Plaintiff, while mentioning those affidavits provided by Defendant. Plaintiff contends that the failure to include these remarks in the R&R shows "unfairness, and taking [of Defendant's] side from the beginning". (ECF No. 61). The failure to include discussion in an R&R does not rise to the level of judicial impropriety. The court agrees with the Magistrate's application of the law to the facts of this case and finds the allegation of bias on behalf of the Magistrate Judge to be baseless and without merit.

After a careful *de novo* review of the record, the applicable law, the R&R, and the objections thereto, the court finds the Magistrate Judge's fairly and accurately summarizes the facts and applies the correct principles of law. Therefore, the court adopts the recommendation of the Magistrate and incorporates the full and complete R&R herein by reference.

For the reasons discussed above, Plaintiff's objections are OVERRULED, Plaintiff's Motion for Summary Judgment and Request of Conference is DENIED, and Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 13, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge